***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Holmes. The appealing party has shown good ground to reconsider the evidence. The Full Commission reverses the Deputy Commissioner's Opinion and Award and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. The parties are bound by and subject to the North Carolina Workers' Compensation Act;
2. The Employee-Employer relationship existed at the time of the alleged accident;
3. The Employer-defendant is a duly licensed self insured and Gallagher-Bassett is the servicing agent; and
4. The Employer-Plaintiff's average weekly wage is $473.93.
 ***********
Based upon the credible evidence of record and reasonable inferences drawn therefrom, the Full Commission finds as fact the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, Plaintiff-Employee was a 36-year old high school graduate who weighed in excess of 350 pounds. Plaintiff-Employee began working for the Defendant-Employer in March 2001 as a truck driver. His duties included driving a tractor-trailer or a flat bed hauling pallets and occasionally lifting seventy-five pound trash cans.
2. On Friday, August 31, 2001, while at a landfill, Plaintiff-Employee tried to close a door on the push-out trailer of his truck. Plaintiff-Employee testified that he strained to pull the door and tried to push the latch closed when he slipped, fell, hit the ground and felt something give in his back. After closing the door, Plaintiff-Employee attempted to call his place of business on the radio but was unable to reach anyone. Plaintiff-Employee then returned to his employer's place of business and dropped off the truck. Everyone had left for the day so Plaintiff-Employee did not report his injury to anyone and went home.
3. Plaintiff-Employee testified that he began having back pain as soon as he hit the ground on August 31, 2001. Plaintiff-Employee reported his injury to Mr. James Adair, Plaintiff's immediate supervisor, on the morning of the very next working day, which was Tuesday, September 4, 2001. Plaintiff-Employee's pain failed to subside and so on the next day he reported his fall to Debbie Eaves in Defendant's personnel office. Ms. Eaves had not been told of Plaintiff's injury. Ms. Eaves sent Plaintiff-Employee to a chiropractor, Dr. Burkowitz.
4. Plaintiff-Employee presented to Dr. Burkowitz on September 5, 2001 and reported that he was closing a tractor-trailer door and heard a "pop" in his lower back. Dr. Burkowitz' treatments however, did not improve Plaintiff's condition.
5. On November 6, 2001, Plaintiff-Employee presented to Dr. Riedle, orthorpedist and reported that he was injured while trying to close a large tractor-trailer door and that he lost his balance, fell against the door and then onto the ground. Dr. Riedle determined that Plaintiff-Employee had no structural pathology to account for his lower extremity symptoms. Plaintiff-Employee was referred to Dr. McDowell for pain medication.
6. Plaintiff-Employee continued to experience pain and was referred to Dr. Vandernord, an orthopedist, who performed a nerve block and the diskogram. Dr. Vandernord would not consider doing surgery until Plaintiff-Employee lost a significant amount of weight.
7. In May 2002, Dr. Dickerson, an orthopedist, diagnosed Plaintiff-Employee with chronic low back pain of unclear etiology. Dr. Dickerson opined that Plaintiff's August 31, 2001 injury had the potential to cause Plaintiff's pain and further states that to a reasonable degree of medical certainty, plaintiff's pain as described by Plaintiff-Employee was caused by Plaintiff's fall on August 31, 2001. Dr. Dickerson opined that Plaintiff's injury caused a decrease in his ability to perform physical work.
8. Plaintiff-Employee presented to Dr. Gudeman, a neurosurgeon. Dr. Gudeman diagnosed Plaintiff-Employee with a severe lumbar strain that Plaintiff-Employee continues to re-exacerbate due to his size. Dr. Gudeman opined that the history given to him by Plaintiff-Employee regarding his injury of August 31, 2001, was indeed the etiology of Plaintiff's complaints. On March 11, 2002, Dr. Gudeman released Plaintiff-Employee and determined that he would not benefit from any surgical intervention. Dr. Gudeman further opined that Plaintiff's injuries would only minimally affect his ability to work and imposed no work restrictions upon Plaintiff-Employee.
9. Defendant-Employer placed Plaintiff-Employee on light duty when he was injured at work. The light duty tasks included filing, copying, and answering the phone until the Defendants no longer had any more work for Plaintiff-Employee and terminated him in late December 2001.
10. Plaintiff-Employee began to work for Discount Homes in manufacture sales in April 2002, where Plaintiff-Employee did not have to perform any physical work. Plaintiff-Employee did not earn an hourly wage, but he earned $250 draw off of a commission. Plaintiff-Employee worked for Discount Homes until June 2002.
11. In July 2002, Plaintiff-Employee went to work part-time for Holiday Inn Express where he earned $6.75 per hour.
12. The Full Commission finds Plaintiff-Employee credible and that on August 31, 2001, the Plaintiff-Employee did indeed try to push the latch closed when he slipped, fell, hit the ground and felt something give in his back.
13. The credible evidence of record establishes that Plaintiff-Employee sustained a specific traumatic incident of the work assigned on August 31, 2001 when he tried to push the latch closed on a trailer-tractor door and slipped, fell, hit the ground and felt something give in his back.
14. The competent evidence of record further establishes that the Plaintiff-Employee was temporally disabled from the period beginning on the date in December in 2001 as reflected by the employer's company records and noted as Plaintiff's last day of work for the employer and continuing until March 11, 2002.
 ***********
Based upon the foregoing Findings of Fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Plaintiff-Employee sustained an injury by accident to his back arising out of and in the course and scope of his employment and as a direct result of a specific traumatic incident of the work assigned on August 31, 2001. N.C. Gen. Stat. § 97-2(6).
2. As a result of Plaintiff's compensable injury, Plaintiff-Employee is entitled to receive temporary total disability compensation at the rate of $316.11 per week for the period beginning on the date in December of 2001 as reflected by the employer's company records and noted as the Plaintiff's last day of work for employer and continuing until March 11, 2002. N.C. Gen. Stat. § 97-29.
3. The Plaintiff-Employee is entitled to have the defendants pay for all medical expenses to be incurred as a result of his injuries by accident of August 31, 2001, for so long as such examinations, evaluations and treatments may reasonably be requested to effect a cure, or give relief and will tend to lessen Plaintiff's disability. N.C. Gen. Stat. §§ 97-25; 97-2(19).
 *********** AWARD
1. Subject to a reasonable attorney's fee herein approved, defendants shall pay to plaintiff-employee compensation benefits at the rate of $316.11 per week for the period beginning on the date in December of 2001 as reflected by the employer's company records and noted as Plaintiff's last day of work for employer and continuing until March 11, 2002. Compensation due which has accrued shall be paid to plaintiff-employee in a lump sum, subject to the attorney's fees hereinafter provided.
2. Defendants shall pay all medical expenses incurred or to be incurred, as a result of plaintiff's compensable injury by accident of August 31, 2001, for so long as such evaluations, examinations and treatments may reasonably be required to effect a cure, give relief and will tend to lessen the period of plaintiff's disability.
3. A reasonable attorney's fee in the amount of twenty-five percent of the compensation awarded under Paragraph 1 of the Award is hereby approved for plaintiff's counsel.
4. Defendants shall pay the costs.
This the ___ day of June, 2004.
 S/_____________ PAMELA T. YOUNG COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_____________ THOMAS J. BOLCH COMMISSIONER
PY:db